BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, DEMANDANTE Y APELADO, *v.* ROSSY & Co., DEMANDADA Y APELANTE.

## APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2696.—Resuelto en diciembre 22, 1922.

LETRAS DE CAMBIO—AGENCIA—CAUSA DE ACCIÓN—DEMANDA INSUFICIENTE.—La demanda en este caso se fundó en una letra de cambio aceptada por determinada persona a nombre de la demandada, que es una corporación, sin alegarse que dicha persona era su oficial o agente debidamente autorizado. Formulada excepción previa, fué declarada sin lugar. *Se resolvió:* que erró en ello la corte inferior pues ninguna persona, natural o jurídica, puede quedar obligada por los actos de otra a menos que su autoridad aparezca conferida por alguno de los medios reconocidos por la ley; y careciendo la demanda de alegación en ese sentido debió declararse con lugar la excepción previa. *Quaere:* si es necesario el protesto de una letra de cambio para obligar respecto de ella a quien la aceptó.

Los hechos están expresados en la opinión.

Abogados de la apelante: Sres. *F. Otero Rivera* y *M. F. Rossy.*

Abogado del apelado: Sr. *A. A. Vázquez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Formulada la excepción previa a una demanda sostiene el apelante que la corte inferior incurrió en error al declararla sin lugar. Alega la demanda que fué presentada para su aceptación una letra de cambio a Rossy y Co., que es una corporación y la demandada en la corte inferior, y que dicha demandada aceptó la letra en esta forma: "Aceptado—Septiembre 14, 1920.—(Firmado) Rossy y Co., por Wm. Rossy." Es ley muy conocida que una corporación actúa primeramente por medio de sus oficiales y en cierto modo subsidiariamente por sus agentes debidamente autorizados. En la demanda no hay nada que muestre que Wm. Rossy era un oficial de la compañía demandada o un agente debidamente autorizado. Como contestación a este alegado error el apelado meramente dice que fué frívolo. No lo consideramos así. Ninguna persona, natural o jurídica, puede quedar obligada por los actos de otra a menos que la autoridad para actuar haya sido conferida por alguno de los muchos medios reconocidos por la ley, como por ejemplo, autorización expresa, impedimento, ratificación, etc. y la autoridad de Wm. Rossy debió haber aparecido de algún modo. La excepción previa estuvo bien formulada y debió haber sido declarada con lugar,

En este caso la letra de cambio fué protestada por falta de pago. En la hipótesis de que el protesto era necesario por virtud del artículo 504 del Código de Comercio, nos inclinamos a convenir con el apelante en que un protesto hecho meses después de vencida y no satisfecha la obligación se presenta muy tarde. La duda que tenemos, aparte de las aparentes disposiciones del artículo 502 del Código de Comercio es si para obligar a un aceptante sobre la letra misma es necesario el protesto. El aceptante se compromete como obligación principal a cumplir con el deber de pagar la letra y sería cosa dudosa para nosotros si en caso de un protesto ineficaz quedaría él exento del pago de alguna parte de la letra excepto el costo del protesto.

Sin resolver en definitiva el otro error o errores debe re-

vocarse la sentencia por haberse cometido error al desestimar la excepción previa, debiendo concederse permiso al demandante para enmendar su demanda dentro del término de diez días a menos que la corte inferior estime necesario prorrogar dicho término.

> *Revocada la sentencia apelada y concedidos*
> *10 días al demandante para enmendar la*
> *demanda.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.